## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| MARIO LEE, | )  Docket No. 1:15-cr-157-NT |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER ON MOTION TO EXCLUDE EVIDENCE
## AND DISMISS THE INDICTMENT

The Defendant seeks to exclude evidence and dismiss the indictment against him based on breaks in the chain of custody of the substances purchased from the Defendant on four occasions. In the alternative, the Defendant requests a pretrial evidentiary hearing to determine whether the government's evidence has been so compromised or contaminated that it must be excluded. The Defendant asserts that the Government will be unable to show that the substances tested by the DEA Northeast Regional Laboratory in New York were the same substances purchased in controlled buys from the Defendant. The Defendant points to gaps in the chain of custody, errors in the records, and violations of protocols and procedure.

The Government opposes the Defendant's motion on the ground that any defects in the chain of custody go to the weight rather than the admissibility of the evidence. The Government contends that the requirements of authentication are routinely satisfied during the course of trial, and that there is no need in this case to conduct a pretrial hearing.

I agree with the Government that it is inefficient to hold a pretrial hearing to accomplish what can, and likely will, be repeated at trial. There is no question that the Government will have to meet the burden imposed by Federal Rule of Evidence 901 in order to admit its evidence. But I can make that determination at trial when the Government attempts to demonstrate that the substance tested by the lab is the substance seized from the Defendant. If I determine that the Government has not met its Rule 901 burden, I will take appropriate action at that time. If I determine that the Government has met its Rule 901 burden, then the Defendant will be free to demonstrate the gaps in the chain of custody. "Even though there may be gaps in the chain of custody for a certain piece of evidence, such gaps factor into the weight given to the evidence rather than its admissibility." *United States v. Abreu*, 952 F.2d 1458, 1467 (1st Cir.1992).

## CONCLUSION

The Defendant's motion to exclude evidence and dismiss the indictment is **DENIED** without prejudice.

**SO ORDERED**.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 16th day of June, 2016.